UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DAY and DEBORAH DAY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09CV1642 RWS ) |
| MARRIOTT HOTEL SERVICES, INC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff William Day alleges he sustained an injury at a loading dock while delivering linens to a hotel owned by Defendant Marriott. Marriott has moved for summary judgment asserting that it is not liable for Day's injury because the condition of the loading dock was open and obvious. In the alternative, Marriot asserts that Day was a statutory employee whose sole remedy lies in a workers' compensation claim. I will deny the motion because the question of whether the condition at the hotel was open and obvious is an issue for the trier of fact. Moreover, Day was not a statutory employee of Marriott.

Defendant Marriott operated a hotel in downtown St. Louis, Missouri called the Marriott Pavilion Hotel. The hotel had entered a contract with Busy Bee Laundry to clean the hotel's linens. Plaintiff Day was employed as a delivery driver for Busy Bee. His job required him to deliver clean linens from Busy Bee's facility in Rolla, Missouri to the hotel in St. Louis and to pick up dirty linens and return them to the Rolla facility.

The clean linens were placed in wheeled six-foot tall carts that each weighed up to 1,000 pounds. The delivery truck held 23 carts which would be unloaded by Day at the hotel's loading dock. To unload the carts Day would back his truck up to the delivery dock as close as he could which would leave a three to four inch gap between the truck's lift gate and the dock. Day would

place a portable dock plate provided by Marriott to bridge the gap between the truck bed and the dock. If the dock plate was being used by another driver in another dock opening, Day would usually wait until the other delivery was through so he could use the plate because his carts were so heavy. Although delivery trucks were unloading at multiple dock openings at the same time Marriott provided only one dock plate. On a few occasions when the plate was not available Day would go ahead and "muscle" the cart over the gap by pushing hard on the carts and making a quick left turn. Marriott did not want Day's delivery truck to be at the dock any longer than it needed to be because other venders needed to unload their trucks at the dock.

On July 26, 2004, Day was informed by his boss that the dock plate at the Marriott had been stolen. When Day delivered the linens at the hotel that day he saw that the plate was indeed missing and muscled the carts across the gap between the truck and the dock. On the following day, the plate was still missing so he once again proceeded to muscle the carts onto the dock. In the process, he alleges that he injured his knee.

In this lawsuit Day claims that Marriott was negligent for having a dangerous condition on the dock, that being the missing dock plate. Day alleges that the lack of a dock plate led to his injury.

Marriott has moved for summary judgment asserting that the missing dock plate was an open and obvious danger which Marriott had no duty to remove, remedy, or warn of any danger caused by the missing dock plate.

"To impose liability on the possessor of the premises, the invitee must show: 1) there existed a dangerous condition on the premises that was not reasonably safe; 2) the possessor knew or, through the use of ordinary care, should have known of the condition; and 3) the possessor failed to use ordinary care to remove, remedy, or warn of the dangerous condition." Lacy v. Wright, 199 S.W.3d 780, 783 (Mo. Ct. App. 2006). "An open and obvious danger nullifies the duty to warn unless the possessor should anticipate the invitee will be harmed

despite constructive knowledge on the part of the invitee." Id. See also Preston v. Wal-Mart Stores, Inc., 923 S.W.2d 426, 427 (Mo. Ct. App. 1996)(" when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.' Restatement (Second) of Torts, § 343A(1) (1965)").

I find that a question of fact exists as to whether the danger of making deliveries without the dock plate was so open and obvious that Marriott could reasonably rely on Day's and other users of the dock to see and appreciate the risk of making deliveries without the plate. In addition, the trier of fact may find that Marriott should have anticipated the potential harm to Day, and other delivery drivers, despite there knowledge that the dock plate was missing. The evidence shows that Day successfully made deliveries without the plate both before and after the date of his injury. The record does not contain any evidence that Marriott employees prohibited Day from or warned Day about making deliveries without the dock plate. The trier of fact will also decide whether this was a dangerous condition and whether Marriott, through the use of ordinary care, should have known of the condition.

Given these facts I find that the issue of whether making deliveries without the dock plate was an open and obvious danger that would relieve Marriott of liability for Day's injury is a question of fact for the jury. See Bartel v. Central Markets, Inc., 896 S.W.2d 746, 748 (Mo. Ct. App. 1995) (whether a raised sidewalk in front of a business was an open or obvious danger was an issue to be addressed by the jury). See also Preston, 923 S.W.2d at 428 (store negligent even if dangerous condition was deemed open and obvious as store had not taken any steps to repair the condition).

In an alternative argument, Marriott asserts that Day was its statutory employee at the time he was injured and his exclusive remedy is workers' compensation. Marriott has not

offered any cases, nor has my research uncovered any cases, where a laundry delivery person is deemed to be the statutory employee of a hotel who entered a contracted with an outside company for laundry services (or any other services). In this case, Marriott's business is that of an innkeeper, providing rooms and other services to overnight guests. Simply contracting with other companies for laundry, food, liquor and other goods and services does not convert those companies' employees into Marriott's statutory employees. As a result, summary judgment on this ground will also be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Marriott's motion for summary judgment [#29] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2011.